UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JERMAINE JOHNSON, | ) | CASE NO. 1:06 CV 1760 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| OFFICER TROY DONALDSON, <u>et al.</u>, | ) | <u>MEMORANDUM OF OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

On July 20, 2006, plaintiff <u>pro se</u> Jermaine Johnson filed this action under 42 U.S.C. § 1983 against Amherst, Ohio Police Officer Troy Donaldson, and Lorain County Common Pleas Court Judge Thomas W. Janas. In the complaint, plaintiff asserts that he was arrested and his hotel room was searched without probable cause. He also contends he was denied due process at a forfeiture hearing. He seeks $ 2,000,000.00 in compensatory damages, and $ 3,000,000.00 in punitive damages.

**Background**

Mr. Johnson alleges that he was in a room at the Motel 6 in Amherst, Ohio on or about February 10, 2005. He indicates he answered a knock at the door and was greeted by Officer

Troy Donaldson. Officer Donaldson allegedly indicated that he was there to inquire about a loud noise or a disturbance coming from the room. Mr. Johnson states that at the time the officer arrived, he was alone in the room and there was no noise coming from the premises. He claims Officer Donaldson stated that he smelled marijuana coming from the room and asked to be admitted. Mr. Johnson claims he told the officer the odor was coming from a cigar and denied him entry without a search warrant. Mr. Johnson contends he attempted to close the door when Officer Donaldson shoved through the door and grabbed his wrist. He claims the officer then began twisting his wrist and arm up behind his back causing Mr. Johnson to experience pain in his arm, shoulder, and elbow. He states that Officer Donaldson threw him face down on the bed, and repeatedly applied a tazer device to Mr. Johnson's back and side. Mr. Johnson struggled with the Officer, then broke free, and ran out of the room. He hid beneath a tractor trailer truck for approximately fifteen minutes before he was discovered and arrested. Mr. Johnson claims that as he was being taken away, he noticed officers searching his room. He claims no search warrant had been issued and that there was no probable cause to search the premises. Mr. Johnson was charged with trafficking in cocaine, possession of cocaine, possession of marijuana, possession of drug paraphernalia, possessing criminal tools, theft, resisting arrest, assault on a police officer, and obstructing justice. See State v. Johnson, No. 05CA008757, 2006 WL 1791262 (Ohio App. 9 Dist. June 30, 2006)(appeal regarding the forfeiture of the bond when Mr. Johnson failed to appear for preliminary hearing is found to be premature as there is no final appealable order in the case). He claims Officer Donaldson violated his Fourth and Fourteenth Amendment rights.

Among the items seized during the search of Mr. Johnson's hotel room was

2

$2,794.68 in cash.  A forfeiture hearing was scheduled in March 2005.  Mr. Johnson states that the court denied him due process and equal protection by having the forfeiture hearing while charges against him were still pending.  He further claims that he was incarcerated at the time of the hearing and the court did not arrange for him to be transported to the proceedings.  He states that Judge Janas and Officer Donaldson violated 18 U.S.C. §§ 241 and 242.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1]  Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Mr. Johnson contends that the defendants violated his Fourth and Fourteenth Amendment rights and are liable to him for damages under 18 U.S.C. §§ 241, and 242.  As an initial matter, 18 U.S.C. §§ 241, and 242 are criminal statutes.  They provide no private right of action and cannot be used as the basis for a civil rights claim.  U.S. v. Oguaju, No. 02-2485, 2003 WL

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

21580657, *2 (6th Cir. July 9, 2003); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir.1994).  Because the Constitution itself does not directly provide for damages, plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations.  Sanders v. Prentice-Hall Corp. Sys, 178 F.3d 1296 (6th Cir. 1999).  As no other statutory provision appears to present an even arguably viable vehicle for the assertion of plaintiff's claims, the court construes these claims as arising under 42 U.S.C. § 1983.

      Mr. Johnson, however, cannot sustain a cause of action against Judge Janas under 42 U.S.C. § 1983.   Judicial officers are generally absolutely immune from civil suits for money damages.  Mireles v. Waco, 502 U.S. 9, 9 (1991); Barnes v. Winchell, 105 F.3d 1111, 1115 (6th Cir. 1997).  They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.  Barnes, 105 F.3d at 1115.  For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides.  Mireles, 502 U.S. at 11-12; Barnes, 105 F.3d at 1116; Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).  A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was  in excess of his or her authority.  Mr. Johnson contends that Judge Janas conducted the forfeiture hearing before the conclusion of the underlying criminal case and appears to have granted the state's request for relief.  If these allegations are true, Mr. Johnson's remedy is an appeal of that order.  He does not have recourse against Judge Janas for damages.

While Officer Donaldson is not absolutely immune from damages, the civil rights claims against him pertaining to the search of the hotel room, and the seizure of certain items are premature. A claim is not cognizable under 42 U.S.C. § 1983 if a judgment on the merits of that claim would affect the validity of a conviction, unless the conviction has been set aside. See Edwards v. Balisok, 520 U.S. 641, 646 (1997); Heck v. Humphrey, 512 U.S. 477, 486 (1994). The concerns of Heck apply pre-conviction as well as post conviction. See Shamaeizadeh v. Cunigan, 182 F.3d 391, 398 (6th Cir. 1999); Gorenc v. City of Westland, No. 02-2456, 2003 WL 21782610 (6th Cir. July 31, 2003)(finding plaintiff's pre-trial challenge under §1983 to a speeding ticket is barred by Heck because it would necessarily imply the invalidity of the traffic citation).[2] Heck precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Gorenc, No. 02-2456, 2003 WL 21782610 at * 2; Beck v. City of Muskogee Police Dep't, 195 F.3d 553, 557 (10th Cir. 1999). Mr. Johnson's claims under the Fourth and Fourteenth Amendment call into question the legality of the search of the hotel room, and the seizure of certain items which lead to his indictment on drug related charges. These claims therefore are not cognizable under § 1983 unless the state criminal proceedings are resolved in his

---

[2] See also Adams v. Morris, No. 03-5413, 2004 WL 193219 (6th Cir. Jan. 29, 2003)(holding that plaintiff's § 1983 challenge to the effectiveness of his trial counsel while the state criminal proceedings were still pending to be barred by Heck); Thomas v. Pugh, No. 00-6155, 2001 WL 522437 (6th Cir. May 9, 2001)(finding a pre-trial detainee's § 1983 claim that he was denied a speedy trial to be barred by Heck); Alvarez-Machain v. United States, 107 F.3d 696, 700-01 (9th Cir. 1996)(applying Heck to pre-trial detainees); Hamilton v. Lyons, 74 F.3d 99, 102-03 (5th Cir. 1996).

favor. There is no indication in the pleading that this has been done.[3] Mr. Johnson's claims regarding the search of the hotel room and the seizure of certain items are dismissed without prejudice.

Mr. Johnson also brings a claim against Officer Donaldson for use of excessive force. The indictment against him contains charges for assaulting a police officer, resisting arrest, and obstructing justice. Generally, the restriction set forth in Heck does not apply to use of excessive force claims; however, given the fact that Mr. Johnson is the defendant in a pending criminal action in which the facts of this civil action are inextricably intertwined, it would be inappropriate for this court to proceed with the excessive force claim until the criminal matter has been resolved. Consequently, the claims against Officer Donaldson are dismissed without prejudice. Because the statute of limitations for filing an action based on excessive force begins to run at the time the injury is discovered, which in most cases is at the time of the arrest, Hodge v. City of Elyria, 126 Fed.Appx. 222, 225 (6th Cir.2005), the court will toll the statute of limitations period for the use of excessive force claim from the date of this order until the criminal trial is resolved.

## Conclusion

Accordingly, Mr. Johnson's claims against Judge Thomas W. Janas are dismissed with prejudice pursuant to 28 U.S.C. §1915(e). His claims against Officer Donaldson are dismissed

---

[3] The docket of the Lorain County Court of Common Pleas reflects that the criminal charges are in fact still pending against Mr. Johnson. Mr. Johnson has filed a Motion to Suppress in that action which is still awaiting a ruling. The matter has been set for a final pretrial on November 15, 2006. A trial date will be scheduled at the pretrial if no plea agreement has been reached. See State v. Johnson, Case No. 05CR068513 (Lorain Ct. Com. Pl. 2005), http://www.loraincountycpcourt.org

without prejudice pursuant to 28 U.S.C. §1915(e). The statute of limitations period for his use of excessive force claim against Officer Donaldson, however, will be tolled from the date of this order until the date that the criminal matter pertaining to this arrest is resolved in the Lorain County Court of Common Pleas. The court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

       IT IS SO ORDERED.


                                        s/ Kathleen M. O'Malley
                                        KATHLEEN M. O'MALLEY
                                        UNITED STATES DISTRICT JUDGE

DATED: October 23, 2006

---

[4]     28 U.S.C. § 1915(a)(3) provides:

        An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.